PER CURIAM:
Claimant brought this action for vehicle damage which occurred when the edge of the bank on County Route 10 gave way, causing her 1995 Ford Explorer Limited to roll over the hill. County Route 10 is located in Marion County. The Court is of the opinion to deny this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on February 5, 2008. County Route 10 is a gravel road, and the travel portion of the road is approximately fourteen to eighteen feet wide. At the time of the incident, claimant was driving in the rain from her home towards Highland Church Road. Claimant was driving up the hill on County Route 10 when a deer jumped out onto the road, and she swerved her vehicle to the edge of the right side of the road to avoid the deer. She indicated that gravel had recently been placed on the road. When she drove to the edge of the road, the driver’s side of the vehicle was located on the gravel portion of the road, but the passenger’s side of the vehicle was situated on an incline where the hill side was located. Since there was approximately one and a half feet of mud on the edge of the bank where the passenger’s side tires were located, she put her vehicle into four-wheel drive. However, the vehicle was stuck in the mud. She exited her vehicle and went to the top of the hill to try to get cellular phone service to call her ex-husband for help. As she was away from her vehicle, the mud gave way and her vehicle rolled on its side. Claimant testified that she travels this road approximately four or five times per year. Her vehicle was totaled in this incident, and the value of the vehicle was $4,900.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on County Route 10 at the site of claimant’s accident for the date in question. Michael Roncone, Highway Administrator for respondent in Marion County, testified that he is familiar with County Route 10 and stated that it is a low priority road in terms of its maintenance. Mr. Roncone testified that he did not have knowledge that fresh gravel was placed on this road before the time of this incident. Mr. Roncone maintains that he had not received any complaints regarding the condition of County Route 10 prior to February 5, 2008.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep't of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent did not have actual or constructive notice of the condition on the edge of the road prior to this incident. The Court finds that there is insufficient evidence of negligence on the part of respondent upon which to base an award.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.